UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANNAH ANNE ZENDON,<br><br>      Plaintiff,<br><br> v.<br><br>GRANDISON MANAGEMENT, INC.,<br>REHAB SYNERGY PT, P.C., and<br>BASILIO E. LOPEZ,<br><br>      Defendants. | Civil Action No. 18-cv-4545 ARR-JO |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**GRANDISON MANAGEMENT, INC.'S MOTION TO COMPEL ARBITRATION**

Sami Asaad
McCARTER & ENGLISH, LLP
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, New York 10019
212-609-6800

Attorneys for Defendant Grandison
Management, Inc.

ME1 28387667v.3

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.    THE FAA MANDATES ENFORCEMENT OF THE ARBITRATION AGREEMENT ............................................................................................................. 2

    II.    ANY DISPUTE AS TO THE VALIDITY OF THE 2015 AGREEMENT MUST BE ARBITRATED ............................................................................................ 3

    III.    THE EXISTENCE OF THE 2017 AGREEMENT DOES NOT ELIMINATE THE OBLIGATION TO ARBITRATE .......................................... 4

CONCLUSION .......................................................................................................................... 6

ME1 28387667v.3

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*AT&T Mobility LLC v. Concepcion*,
  131 S. Ct. 1740 (2011) ..................................................................................................2

*Bank Julius Baer & Co. v. Waxfield Ltd.*,
  424 F.3d 278 (2d Cir. 2005) ......................................................................................4, 5

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985) ......................................................................................................3

*Howsam v. Dean Winter Reynolds, Inc.*,
  537 U.S. 79 (2002) ........................................................................................................2

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
  460 U.S. 1 (1983) ..........................................................................................................3

*Southland Corp. v. Keating*,
  465 U.S. 1 (1984) ..........................................................................................................2

**STATE CASES**

*GAF Corp. v. Werner*,
  106 A.D.2d 41, 484 N.Y.S.2d 12 (App. Div. 1985) .....................................................2

*Nassau Ins. Co. v. McMorris*,
  41 N.Y.2d 701 (1977) ...................................................................................................4

*Vitals986, Inc. v. Healthwave, Inc.*,
  15 A.D.3d 571 (NY App. Div. 2005) ...........................................................................4

**FEDERAL STATUTES**

9 U.S.C. § 4 .............................................................................................................................2

Defendant Grandison Management, Inc. ("Grandison") moves to compel Plaintiff Diannah Anne Zendon ("Plaintiff") to arbitrate all of the claims in her Complaint (the "Complaint") against Grandison.

## PRELIMINARY STATEMENT

The Court should compel Plaintiff to arbitrate her claims against Grandison because a valid arbitration agreement between the parties expressly encompasses the disputes at issue. To the extent that Plaintiff were to argue that her agreement to arbitrate was terminated by a subsequent agreement, such a dispute itself would be subject to arbitration. Moreover, as a matter of law, the subsequent agreement did not eliminate the obligation to arbitrate. Accordingly, the Court should compel arbitration of all of Plaintiff's claims and dismiss all claims that are sent to arbitration.

## FACTUAL BACKGROUND

On February 20, 2015, Plaintiff executed an Employment Agreement (the "2015 Agreement") containing a broad arbitration provision. A copy of the 2015 Agreement is attached as Exhibit A to the Declaration of Sami Asaad. Section 21 of the 2015 Agreement provided, in relevant part:

> [I]f *any dispute, controversy or claim arises between the parties* (including a dispute, controversy or claim arising out of, in connection with or relating to, this Agreement, or the interpretation, performance or breach, termination or validity hereof), the parties shall attempt to negotiate an amicable settlement. If the parties are unable to reach a settlement … *the dispute, controversy or claim shall be finally settled by arbitration* administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules in effect at the time of the dispute, by one arbitrator appointed in accordance with such rules.

*Id.* (emphasis added).

The parties signed another agreement dated July 13, 2017 (the "2017 Agreement"). A copy of the 2017 Agreement is attached as Exhibit B to the Declaration of Sami Asaad. The 2017 agreement made no mention of the 2015 agreement, and did not address dispute resolution in any manner.

## ARGUMENT

### I. THE FAA MANDATES ENFORCEMENT OF THE ARBITRATION AGREEMENT

The Federal Arbitration Act ("FAA") governs the enforceability of any written arbitration agreement where an "employment agreement affects interstate commerce." *GAF Corp. v. Werner*, 106 A.D.2d 41, 44, 484 N.Y.S.2d 12, 15 (App. Div. 1985) (finding that the employer's operation of a business with shareholders across the United States was sufficient to establish the business was engaging in interstate commerce, and enforcing the FAA's preemption over State law pursuant to the Supreme Court's ruling in *Southland Corp. v. Keating*, 465 U.S. 1 (1984). Grandison is a New York corporation that provides services to health care organizations nationwide. Defendant engages in interstate commerce; therefore, the FAA should apply.

Under the FAA there is a strong presumption in favor of enforcing arbitration agreements. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1742 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983)). The Court's role in resolving a motion to compel arbitration is typically limited to determining (1) whether an agreement to arbitrate exists, (2) whether the agreement to arbitrate encompasses the dispute at issue, and (3) whether the agreement to arbitrate is otherwise valid. *See* 9 U.S.C. § 4; *see also Howsam v. Dean Winter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). Because the agreement to arbitrate encompasses all of Plaintiff's claims, and is valid, the claims must be arbitrated. The FAA further adopts a pro-arbitration policy "establish[ing] that, as a matter of federal law," any

doubts concerning the scope of arbitrate issues should be resolved in favor of arbitration. *Moses H. Cone*, 460 U.S. at 24-25.

Where the parties have agreed to arbitrate the claims at issue, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).

Here, the parties entered into the 2015 Agreement. *See* Complaint, ECF Doc. No. 1, ¶ 3. The gravamen of Plaintiff's Complaint is that the $30,000 liquidated damages provision and the non-compete provision of the 2015 Agreement are allegedly improper. *See* Complaint at ¶¶ 1-8. Both the $30,000 liquidated damages provision and the non-compete provision are found exclusively in the 2015 Agreement. Complaint, ECF Doc. No. 1, ¶ 8. The 2015 Agreement, however, contains a broad arbitration provision applicable not merely to disputes involving the 2015 Agreement, but rather to "any dispute, controversy or claim … between the parties." (2015 Agreement, Section 21.) Accordingly, Plaintiff's claims against Grandison Management are covered by the arbitration provision in the 2015 Agreement.

Therefore, pursuant to the FAA, Plaintiff must be compelled to arbitrate all claims against Grandison.

## II. ANY DISPUTE AS TO THE VALIDITY OF THE 2015 AGREEMENT MUST BE ARBITRATED

Although Plaintiff's Complaint explicitly relies on several provisions in the 2015 Agreement, if the Plaintiff were to contend that the 2017 Agreement terminated the 2015 Agreement, including the obligation to arbitrate her claims, that contention itself would be subject to arbitration.

3

Courts have held that where parties have entered into an agreement to arbitrate "[a]ny controversy or claim arising from or relating to" their agreement, a dispute about whether that agreement was terminated or superseded must itself be settled by arbitration. *Vitals986, Inc. v. Healthwave, Inc.*, 15 A.D.3d 571, 572, (NY App. Div. 2005) ("whether [an earlier agreement] was subsequently cancelled by mutual oral agreement and superseded by a new agreement excluding an arbitration clause" are issues "properly determined by the arbitrator"); *see Nassau Ins. Co. v. McMorris*, 41 N.Y.2d 701, 702-03 (1977) ("whether the agreement containing the arbitration clause had been superseded by a later agreement between the parties was for the arbitrator").

Here, the arbitration provision in the 2015 Agreement specifically covers "a dispute, controversy or claim arising out of, in connection with or relating to, this Agreement, or the … *termination or validity hereof*." (2015 Agreement, Section 21 (emphasis added.)) Therefore, if Plaintiff were to dispute the validity of the 2015 Agreement, the Court must compel her to arbitrate that dispute.

### III. THE EXISTENCE OF THE 2017 AGREEMENT DOES NOT ELIMINATE THE OBLIGATION TO ARBITRATE

Even if the Court were to address the validity of the 2015 Agreement—despite the parties' agreement to have that issue decided in arbitration—the outcome would be the same: Plaintiff must arbitrate her claims.

An arbitration agreement will not be vitiated by a subsequent agreement "if there is a reading of the various agreements that permits the Arbitration Clause to remain in effect." *Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278, 284 (2d Cir. 2005). Cases deciding whether a later agreement eliminated an arbitration obligation in an earlier agreement focus on two types of provisions: (1) forum selection provisions, and (2) merger clauses. *Id.*

4

With regard to forum selection provisions, courts look to see whether a forum selection provision in the second agreement explicitly or implicitly eliminates arbitration. *Id.* ("we 'cannot nullify an arbitration clause unless the forum selection clause specifically precludes arbitration.'") (quoting *Personal Sec. & Safety Systems v. Motorola*, 297 F.3d 388, 396 n. 11 (5th Cir.2002). Here, the 2017 Agreement does not contain any forum selection clause whatsoever and is silent as to the subject of dispute resolution.

With regard to merger clauses, a provision in subsequent agreement stating that it contains the "entire agreement" does not eliminate an arbitration provision in an earlier agreement. *Id.* at 283. The Court in *Bank Julius* found that a merger clause in a subsequent agreement stating that the subsequent agreement "supersedes all prior agreements and understandings between [Waxfield] and the Bank" and "constitutes the entire agreement of the parties" did not vitiate an arbitration provision in an earlier agreement. The court stated that as a matter of law, "a merger clause acts only to require full application of the parol evidence rule to the writing in question." *Id.* The court went on to state that "enforcement of the parties' obligations to arbitrate disputes … does not implicate the parol evidence rule in connection with the [subsequent agreement] and, hence, is not precluded by the merger clause in that writing." *Id.* (quoting *Primex Int'l Corp. v. Wal-Mart Stores*, 89 N.Y.2d 594, 600 (1997)).

Here, the 2017 Agreement merely states that the "Agreement contains the entire agreement between" the parties. As a matter of law, that statement does not vitiate the parties earlier agreement to arbitrate "any dispute, controversy or claim … between the parties." (2015 Agreement, Section 21.)

## **CONCLUSION**

For the foregoing reasons, Defendant Grandison requests that this Court compel arbitration of Plaintiff's claims against it because a valid agreement to arbitrate governs Plaintiff's claims.  Defendant Grandison requests any further relief to which it is entitled.

Dated:  October 31, 2018
       New York, New York

                                     MCCARTER & ENGLISH, LLP

                             By:  /s/ Sami Asaad
                                   Sami Asaad
                                   Worldwide Plaza
                                   825 Eighth Avenue, 31st Floor
                                   New York, New York 10019

                                   *Attorneys for Defendant Grandison*
                                   *Management, Inc.*