UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANNAH ANNE ZENDON, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>– against –<br><br>GRANDISON MANAGEMENT, INC., REHAB SYNERGY PT, P.C., and BASILIO E. LOPEZ,<br><br>Defendants. | 18-cv-4545 (ARR) (JO)<br><br>**Not for Publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

This case comes before me on a motion to compel arbitration. In this lawsuit, Diannah Anne Zendon ("Zendon" or "plaintiff"), a physical therapist, is seeking relief against the defendants, her employers, for violations of the Trafficking Victims Protection Act ("TVPA"), Fair Labor Standards Act ("FLSA"), and New York Labor Law ("NYLL"), as well for breach of the parties' employment contract. Defendant Grandison Management ("Grandison" or "defendant") has moved this court to compel the arbitration of plaintiff's claims pursuant to the parties' 2015 Employment Agreement, Sami Asaad Decl. Supp. Def.'s Mot. Compel Arbitration ("Asaad Decl."), Ex. A ("2015 Agreement"), ECF No. 14-1. For the reasons stated in this opinion, defendant's motion is granted.

## BACKGROUND

In 2015, plaintiff entered into an employment agreement with Grandison Management, a healthcare staffing firm that places its employees in healthcare jobs across the United States, to perform physical-therapy services. *See* Compl. ¶¶ 42–43, ECF No. 1; 2015 Agreement. The 2015 Agreement contains a $30,000 liquidated-damages clause that applies in certain instances of

1

employment termination, *see* Compl. ¶ 3; 2015 Agreement § 11(e)(ii), and a two-year non-compete provision, *see* Compl. ¶ 3; 2015 Agreement § 17(a). The 2015 Agreement also includes the following arbitration clause:

> [I]f any dispute, controversy or claim arises between the parties (including a dispute, controversy or claim arising out of, in connection with or relating to, this Agreement, or the interpretation, performance or breach, termination or validity hereof), the parties shall attempt to negotiate an amicable settlement. If the parties are unable to reach a settlement . . . the dispute, controversy or claim shall be finally settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules in effect at the time of the dispute, by one arbitrator appointed in accordance with such rules.

2015 Agreement § 21. In 2017, the parties entered into a second employment agreement. *See* Compl. ¶ 3; Asaad Decl., Ex. B ("2017 Agreement"), ECF No. 14-2. The 2017 Agreement also includes a liquidated damages clause. *See* Compl. ¶ 3; 2017 Agreement ¶ 12. The 2017 Agreement makes no mention of arbitration or dispute resolution and states that it is "governed by the laws of the State of New York." 2017 Agreement ¶ 17. It concludes with the following merger clause: "This Agreement contains the entire agreement between Employee and EMPLOYER." *Id.* ¶ 18.

On August 11, 2018, Zendon filed a class-action complaint alleging violations of the TVPA, FLSA, and NYLL, as well as breach of contract. *See* Compl. ¶ 1. On October 31, 2018, defendant Grandison moved this court to compel plaintiff to arbitrate her claims, arguing that the Federal Arbitration Act ("FAA") mandates the enforcement of arbitration pursuant to the 2015 Agreement. *See* Mem. of Law Supp. Def.'s Mot. Compel Arbitration 2–3 ("Def.'s Mem. of Law"), ECF No. 13.[1] Plaintiff opposes this motion on the grounds that the "second employment

---

[1] The FAA "expressly provides for the mandatory arbitration of issues referable to arbitration under a written agreement." *Aviation Fin. Co. v. Chaput*, No. 14 Civ. 8313 (CM), 2015 WL 13203653, at *6 (S.D.N.Y. Mar. 12, 2015) (citing 9 U.S.C. § 3). The FAA applies to all arbitration agreements that affect interstate commerce. *See id.*

2

agreement[,] which does not contain any arbitration provision[,] substitutes or supersedes the first agreement." Pl.'s Opp'n 1. Plaintiff also argues that Grandison waived its right to demand arbitration by filing a breach-of-contracts action against her in New York Supreme Court. *See id.* at 12–13. For the following reasons, defendant's motion to compel arbitration is granted.

**DISCUSSION**

"In the context of motions to compel arbitration brought under the Federal Arbitration Act, the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citations omitted). Hence, I must "consider all relevant, admissible evidence submitted by the parties" and "draw all reasonable inferences in favor of the non-moving party." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002)). "[T]he moving party has the initial burden of showing that an agreement to arbitrate exists." *Carvant Fin. LLC v. Autoguard Advantage Corp.*, 958 F. Supp. 2d 390, 395 (E.D.N.Y. 2013) (citing *Roller v. Centronics Corp.*, No. 87 CIV. 5715 (JFK), 1989 WL 71200, at *2 (S.D.N.Y. June 22, 1989)), but once that showing is made, "[t]he party resisting arbitration bears the burden of demonstrating that the arbitration agreement is invalid or does not encompass the claims at issue." *Shetiwy v. Midland Credit Mgmt.*, 959 F. Supp. 2d 469, 473 (S.D.N.Y. 2013)). Here, defendant has provided the court with a copy of the parties' 2015 Agreement containing an

---

(citing 9 U.S.C. §§ 1–2; and *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273–77 (1995)). "Employment contracts, except for those covering workers engaged in transportation, are covered by the FAA." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001)). Plaintiff does not contest that the parties' employment agreements affect interstate commerce, but she argues that the FAA does not apply because there is no agreement in writing between the parties to arbitrate their disputes. *See* Pl.'s Mem. of Law Opp'n Def.'s Mot. Compel Arbitration 1–2 ("Pl.'s Opp'n"), ECF No. 16. As *Waffle House* makes clear, the FAA does apply to the 2015 Agreement. Questions concerning the validity and scope of the parties' agreement to arbitrate are embedded in the court's analysis regarding whether to mandate arbitration under the FAA. *See Aviation Fin. Co.*, 2015 WL 13203653, at *6.

3

arbitration provision. *See* 2015 Agreement § 21. Thus, the motion to compel turns on the arbitration clause's validity and scope.

## A. The parties' agreement to arbitrate is valid.

Defendant first argues that the question of whether "the 2017 Agreement terminated the 2015 Agreement, including the obligation to arbitrate [plaintiff's] claims, . . . itself [is] subject to arbitration." Def.'s Mem. of Law 3; *see also* Def.'s Reply Mem. of Law Further Supp. Mot. Compel Arbitration 2 ("Def.'s Reply"), ECF No. 18. Defendant relies on two New York state court cases, *Vitals986, Inc. v. Healthwave, Inc.*, 15 A.D.3d 571 (N.Y. App. Div. 2005), and *Nassau Ins. Co. v. McMorris*, 363 N.E.2d 700 (N.Y. 1977), to support its claim. However, issues of arbitrability under the FAA are governed by federal law. *See Doctor's Assocs. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997) (noting that "even the inclusion in the contract of a general choice-of-law clause does not require application of state law to arbitrability issues, unless it is clear that the parties intended state arbitration law to apply on a particular issue"). In *Granite Rock Co. v. International Brotherhood of Teamsters*, the Court held that under the FAA, when a party contests either the "formation of the . . . arbitration agreement [or] . . . its enforceability or applicability to the dispute . . . [at] issue," "'the court' must resolve the disagreement." 561 U.S. 287, 299–300 (2010) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). Here, plaintiff is challenging the applicability of the 2015 Agreement to the case at hand. *See* Pl.'s Opp'n 5. Thus, I must resolve the parties' dispute.

The question before me, then, is whether the 2017 Agreement terminated the parties' obligation to arbitrate. While the FAA embodies a strong federal policy favoring arbitration resulting in a presumption of arbitrability, the presumption does not apply where, as here, "the question presented . . . concerns whether an arbitration agreement remains in force in light of a

later-executed agreement." *Goldman, Sachs & Co. v. Golden Empire Sch. Fin. Auth.*, 764 F.3d 210, 215 (2d Cir. 2014). Plaintiff contends that the 2017 Agreement's merger clause stating that it is the "entire agreement" between the parties means that "the arbitration provision mentioned in the first agreement can not, must not and should not be enforced." Pl.'s Opp'n 2. "The determination whether the parties have agreed to arbitrate is based on ordinary principles of contract law." *Aviation Fin. Co.*, 2015 WL 13203653, at *6 (citing *Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co.*, 189 F.3d 289, 296 (2d Cir. 1999); and *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venez.*, 991 F.2d 42, 46 (2d Cir. 1993)). "[U]nder New York law, the general language of a merger clause . . . is 'insufficient to establish any intent of the parties to revoke retroactively their contractual obligations to submit disputes arising' under an earlier agreement to arbitration." *Gen. Motors Corp. v. Fiat S.p.A*, 678 F. Supp. 2d 141, 148 (S.D.N.Y. 2009) (quoting *Primex Int'l Corp. v. Wal–Mart Stores, Inc.*, 679 N.E.2d 624, 627 (N.Y. 1997)). Rather, the subsequent agreement containing the merger clause must "'specifically preclude[]' arbitration" in order to terminate the obligation to arbitrate. *Goldman, Sachs & Co.*, 764 F.3d at 215 (2d Cir. 2014) (quoting *Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278, 284 (2d Cir. 2005)). In *Bank Julius*, the court found that a merger clause stating that the subsequent agreement "supersedes all prior agreements" and "constitutes the entire agreement of the parties" did not invalidate an arbitration provision in an earlier agreement because the forum-selection clause in the subsequent agreement—which stated that any action *may* be heard in New York state or federal court—could be read as complementary to the agreement to arbitrate. *See Bank Julius*, 424 F.3d at 282–85. In *Applied Energetics, Inc. v. NewOak Capital Markets, LLC*, 645 F.3d 522 (2d Cir. 2011), on the other hand, the court held that a subsequent agreement with a similar merger clause superseded an earlier arbitration agreement because the forum-selection

5

clause in the subsequent agreement, which stated that all disputes *shall* be adjudicated in New York courts, was "all-inclusive" and "mandatory." *See id.* at 523–25. Plaintiff argues that the reasoning of *Applied Energetics* applies to this case. *See* Pl.'s Opp'n 8–11. However, far from containing a mandatory forum-selection clause, the 2017 Agreement makes no mention of arbitration or dispute resolution and states only that the agreement is governed by New York law. Because the 2017 Agreement does not specifically preclude arbitration and can be read as complementary to the 2015 Agreement's arbitration provision, the parties' agreement to arbitrate remains valid. *See Bank Julius*, 424 F.3d at 284–85; *see also Gadelkareem v. Blackbook Capital LLC*, No. 570017/15, 2015 WL 921356, at *1 (N.Y. App. Term Mar. 4, 2015) (holding that a merger clause and New York choice-of-law provision in an August 2013 employment contract did not "revoke retroactively the parties' [July 2013] arbitration agreement," because the August 2013 contract "contained 'no express denial of the agreement to arbitrate'" (quoting *Isaacs v. Westchester Wood Works, Inc.*, 278 A.D.2d 184, 185 (N.Y. App. Div. 2000))).[2]

### B. The arbitration agreement encompasses the claims at issue.

The 2015 Agreement's arbitration provision applies to "any dispute, controversy or claim . . . between the parties." 2015 Agreement § 21. "This language constitutes 'the paradigm of a broad' arbitration agreement" and leads to a "presumption of arbitrability." *Offshore Expl. & Prod. LLC*, 986 F. Supp. 2d at 316 (first quoting *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*,

---

[2] Plaintiff argues that *Bank Julius* is distinguishable from her case because there, the second agreement included an incorporation clause stating that "all the rights and remedies provided in this Agreement are cumulative and not exclusive of any rights or remedies provided under any other agreement." *Bank Julius*, 424 F.3d at 282; s*ee also* Pl.'s Opp'n 10. While plaintiff is correct that the 2017 Agreement does not contain an incorporation clause, courts in this district have identified the critical distinction between *Bank Julius* and *Applied Energetics* as the specific preclusion of arbitration in the *Applied Energetics* subsequent agreement. *See, e.g.*, *Mitsubishi Elec. Corp. v. Westcode, Inc.*, No. 3:15-cv-505(MAD/DEP), 2016 WL 3748023, at *6 (N.D.N.Y. July 11, 2016); *Aviation Fin. Co.*, 2015 WL 13203653, at *10; *Offshore Expl. & Prod. LLC v. Morgan Stanley Private Bank, N.A.*, 986 F. Supp. 2d 308, 318–19 (S.D.N.Y. 2013), *aff'd*, 626 F. App'x 303 (2d Cir. 2015). Thus, because the 2017 Agreement in plaintiff's case does not specifically preclude arbitration, *Bank Julius* controls.

58 F.3d 16, 20 (2d Cir. 1995); then quoting *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001)). Plaintiff's claims, which accuse defendant of mistreatment during the course of her employment, clearly constitute a dispute between the parties within the meaning of the arbitration provision. Because the parties' arbitration agreement is valid and encompasses the claims at issue in plaintiff's complaint, mandatory arbitration under the FAA is appropriate.

### C. Defendant did not waive its right to demand arbitration.

On December 28, 2017, Grandison instituted a case against Zendon involving their employment agreement. *See* Pl.'s Opp'n 12; Sami Asaad Suppl. Decl. Supp. Def.'s Mot. Compel Arbitration, Ex. A ("State Action Document List"), ECF No. 19-1. On November 1, 2018, defendant voluntarily withdrew the action without prejudice, before plaintiff filed an answer or other response. *See* Def.'s Reply 4; State Action Document List. Plaintiff argues that in filing the state-court action, defendant "admitted that any recourse by either party should be judicially adjudicated" and "should be barred from taking a position now that is inconsistent with a previous position that it took in a prior court proceeding." Pl.'s Opp'n 12–13.

The Second Circuit has held that "waiver of the right to arbitrate occurs when a party 'engages in protracted litigation that results in prejudice to the opposing party.'" *Distajo*, 107 F.3d at 131 (quoting *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993)). A party can demonstrate prejudice by showing that it suffered "substantive prejudice to [its] legal position . . . , such as when the party seeking arbitration loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or obtains information through discovery procedures not available in arbitration." *Id.* (internal quotation marks and citations omitted). Alternatively, a party opposing arbitration can show that it was "prejudiced by the unnecessary delay or expense

7

that results when an opponent delays invocation of its contractual right to arbitrate." *Id.* (internal quotation marks and citation omitted). The court agrees with Grandison that the filing and withdrawal of the state court action does not constitute "protracted litigation" that prejudiced plaintiff. Thus, defendant has not waived its right to arbitration.

## CONCLUSION

For the reasons stated in this opinion, defendant's motion to compel arbitration is granted. Further, while defendants Rehab Synergy PT, P.C. and Basilio Lopez are not parties to the arbitration agreement, because plaintiff's claims against the remaining defendants are related to her claims against Grandison, the entire case shall be stayed pending the arbitration between Zendon and Grandison. *See Magbojos v. Grandison Mgmt., Inc.*, No. 18-cv-3520 (ARR) (JO) (E.D.N.Y. Nov. 28, 2018) (order granting parties' motion to stay in related case pending arbitration between plaintiff Magbojos and defendant Grandison).

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:    December 7, 2018
          Brooklyn, New York